EUGENE A. RUDIGER et al., Appellants, *v.* JAMES S. COLEMAN et al., Respondents.

*Contract — real property — waste — action in equity for accounting under contract conveying lands for quarry purposes.*

Rudiger v. Coleman, 203 App. Div. 861, modified.
(Argued March 31, 1925; decided May 12, 1925.)

APPEAL from a judgment, entered November 23, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion to confirm the report of a referee and directing another reference, and modified and confirmed as modified said report. The action was in equity for an accounting, claiming breach of a contract whereby defendant obtained certain lands from the plaintiffs and waste and asking rescission of the contract and reconveyance of the lands and damages on account of alleged improper quarrying methods and

the failure of defendants to remove granite waste from the premises.    (See 199 N. Y. 342; 206 N. Y. 412; 228 N. Y. 225.)

*John C. Wait, Howard G. Wilson* and *Frederick W. Newton* for appellants.

*Morgan J. O'Brien* and *Edward A. Freshman* for respondents.

*Per Curiam.* The contract for the sale of a large amount of granite for use as crushed stone at ten cents a cubic yard may not be said to be imprudent or unbusinesslike, for at least except to a very limited extent it was not suitable and could not be sold for building stone and the contract required the removal of the stone from a position where it was an actual detriment to the quarry. For the use of the quarry under this contract the defendants should be chargeable only for the moneys received thereunder. Three hundred yards of granite intended and suitable for use in a school building were in addition removed from the quarry with the defendants' permission and the defendants have accounted for payments received therefor at the same rate, though granite suitable for building stone was worth fifty-five cents a cubic foot, and there is evidence that it could be sold in small quantities at that price. The defendants are chargeable with the difference between the amount received and this value, or $4,425 with interest from October 15, 1907, on account of stone delivered to Renza. To this extent the judgment appealed from should be modified, and as so modified affirmed, without costs to either party. In other respects we find no error.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.